UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X

JULIUS K. MCINTYRE,

                      Plaintiff,        **REPORT AND RECOMMENDATION**
                                                  **03 CV 5830 (ARR) (LB)**

      -against-

MTA NEW YORK CITY TRANSIT
AUTHORITY,

                      Defendant.

-------------------------------------------------------X

**BLOOM, United States Magistrate Judge:**

Julius McIntyre filed this *pro se* employment discrimination action on November 17, 2003. On March 18, 2004, plaintiff filed an amended complaint, and on June 24, 2004, defendant filed its answer to the amended complaint. During a settlement conference on July 20, 2004, the parties signed a Stipulation of Settlement in the Courtroom. The stipulation had been sent to plaintiff for review about two months before the conference. On July 21, 2004, Judge Ross "so ordered" the stipulation and the case was dismissed.

By letter received on April 8, 2008, plaintiff moves to vacate the "stipulation of settlement and order of dismissal."[1] Plaintiff's Motion to Vacate ("Motion to Vacate") at 2. This motion was referred to me in accordance with 28 U.S.C. § 636(b). For the reasons that follow, it is respectfully recommended that plaintiff's motion to vacate the order of dismissal should be denied.

---

[1] The Court construes plaintiff's letter as a motion to vacate pursuant to Fed. R. Civ. P. 60(b).



## DISCUSSION

Plaintiff argues that the Court should vacate the order dismissing the case because defendant "tricked" him into signing the stipulation. Id. at 2, 3, 22. He contends that defendant "slipped a clause in the Stipulation requiring [him] not to ever apply for any future jobs with the M.T.A./New York City Transit Authority and its subsidiary companies." Id. at 12. Additionally, he states that defendant promised him that he "would get a reasonable fair reference to get a job outside the M.T.A./New York City Transit Authority," but that he is now "blacklisted" and cannot find a job. Id. at 8, 15. Plaintiff also reasserts the allegations in his complaint, stating that defendants violated federal and state law by suspending and terminating him. Plaintiff asks the Court to order defendant to give him his job back.

Under Rule 60(b) of the Federal Rules of Civil Procedure, the Court can vacate a final judgment on one of the following grounds: (1) mistake, inadvertence, surprise, or excusable neglect, (2) newly discovered evidence, (3) fraud, misrepresentation or other misconduct of an adverse party, (4) the judgment is void, (5) the judgment has been satisfied, released, or discharged, or (6) any other reason justifying relief from operation of the judgment. Fed. R. Civ. P. 60(b). "[S]ince Rule 60(b) allows extraordinary judicial relief, it is invoked only upon a showing of exceptional circumstances." Nemaizer v. Baker, 793 F.2d 58 (2d Cir. 1986). No such circumstances are presented here.

Here, the transcript from the July 20, 2004 settlement conference (Docket # 17) makes clear that defendant did not "trick" plaintiff into signing the stipulation of settlement. During the settlement conference, the Court verified that plaintiff had read the settlement agreement and understood it.

2

> **The Court:** My deputy informs me that you have reached a settlement, Mr. McIntyre. Is that correct?
>
> **Mr. McIntyre:** Yes, that's correct.
>
> **The Court:** And the terms and conditions of that settlement agreement is something that you've had a chance to review?
>
> **Mr. McIntyre:** Yes, I reviewed it.
>
> **The Court:** And it's your free will to settle this action in full for the amount that the New York City Transit Authority has offered to pay you?
>
> **Mr. McIntyre:** Yes.

Transcript of Civil Cause for Conference ("Transcript") at 2. The transcript also reveals that plaintiff had approximately two months to consider the stipulation before he signed it. Id. at 2. Likewise, plaintiff was given seven days from the date he signed the stipulation to revoke the stipulation. Stipulation of Settlement at 8, ¶ B.

Although plaintiff argues that he is "blacklisted" because he is not being considered for reemployment, see Motion to Vacate at 15, the parties agreed that plaintiff would "not seek nor accept employment with MaBSTOA, the Transit Authority, the MTA, and at such time as it may be created, the Regional Bus Authority, or any affiliate or subsidiary of the above named entities/agencies/authorities." Stipulation of Settlement 2-3. Similarly, plaintiff's claim that defendant violated the settlement agreement by not providing a reasonable and fair reference is belied by the conference transcript, wherein defense counsel states that plaintiff had been given a copy of the neutral reference letter that would be sent to prospective employers. Transcript at 4-5.

Plaintiff's request to relitigate the merits of the case should be denied. See Fleming v. New York Univ., 865 F.2d 478, 484 (2d Cir. 1989)("a Rule 60(b)(3) motion cannot be granted

3

absent clear and convincing evidence of material misrepresentations and cannot serve as an attempt to relitigate the merits"). Plaintiff not only signed the stipulation discontinuing the action with prejudice, but plaintiff acknowledged that he understood that he was releasing defendant from all liability.

> **The Court:** From the day the world started until today you are releasing [defendant] from all liability for the claims up until today.
>
> **Mr. McIntyre:** Up til today, okay.
>
> **The Court:** There's no talk about anything for the future except that you can't bring any case regarding these events ever again.
>
> **Mr. McIntyre:** Oh, no, no.

Transcript at 6-7.

Finally, plaintiff's motion should also be dismissed because it was filed several years after the stipulation of settlement was so ordered. "A motion under Rule 60(b) must be made within a reasonable time - and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c). Here, plaintiff waited over three-and-a-half years before filing his motion to vacate the order of dismissal - well over the one-year time limit prescribed for motions to vacate based on fraud, misrepresentation, or misconduct by an opposing party. Accordingly, plaintiff's motion to vacate the order of dismissal should be denied.

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. See also

Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the ten-day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital Dist. Physician's Health Plan, Inc., 293 F.3d 42 (2d Cir. 2002); Small v. Sec'y of Health and Human Services, 892 F.2d 15 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED.

Lois Bloom
United States Magistrate Judge

Dated: May 5, 2008
Brooklyn, New York